# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WATTS, | Case No. 1:13-cv-00917-AWI-SKO (PC) |
| Plaintiff, | FIRST SCREENING ORDER (1) FINDING PLAINITFF HAS STATED COGNIZABLE FIRST AND EIGHTH AMENDMENT CLAIMS, (2) FINDING PLAINTIFF'S EQUAL PROTECTION CLAIM IS NOT COGNIZABLE, AND (3) REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS |
| v. | |
| H. NGUYEN, et al., | |
| Defendants. | |
| | (Doc. 1) |
| | THIRTY-DAY DEADLINE |

**First Screening Order**

I.   **Screening Requirement and Standard**

Plaintiff Timothy Watts ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 17, 2013.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.     Discussion**

    **A.     Allegations**

Plaintiff, who is currently incarcerated at California State Prison, Corcoran ("CSP-Corcoran"), brings this action against Doctors H. Nguyen and C. Nareddy, Acting Chief Medical Executive O. Beregovskays, Chief Executive Officer Teresa Macias, and Nurse Practitioner Rouch for violating his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution. Plaintiff alleges he was retaliated against for filing prison grievances, he was denied appropriate medical care, and he was discriminated against.

Plaintiff alleges that he has had seven failed knee surgeries and doctors have ordered that he not be transferred to any prison with a cold climate.

On May 21, 2012, Plaintiff was transferred to CSP-Corcoran, and he alleges that he informed Defendants Nguyen, Nareddy, Beregovskays, Macias, and Rouch about his numerous failed knee surgeries and the severe, chronic pain caused by his degenerative condition. Plaintiff alleges that for more than a year, he filed medical requests seeking to be seen by Defendants Nguyen, Nareddy, and Rouch because his knees were swollen every day and he was in constant pain. Plaintiff alleges that Defendants told him that although they could see the swelling and could imagine he must be in serious pain, they would not reorder his walking cane or pain medication because security staff had concerns about potential weapons and misuse of drugs. Plaintiff told them they should be more concerned about the probability of his further injury without the aid of a cane, hinged knee braces, orthopedic boots; and Defendants admitted they were and that Plaintiff should have those aids, but security staff, who write Defendant's checks, did not want Defendants stepping on their toes. (Comp., ¶6.)

Plaintiff alleges that Defendants Nguyen, Nareddy, and Rouch admitted that they were willing to make Plaintiff face further injury in the absence of necessary medical aids and live with severe, constant pain just to appease security staff. Plaintiff also alleges that Defendants Nguyen and Rouch began threatening him with no medical care if he continued filing grievances and complaining so much. Plaintiff sought a transfer to another prison if he was not going to get appropriate medical care at CSP-Corcoran, but Defendants told him he was not hearing them and security staff made those decisions.

Plaintiff alleges that he addressed these issues in his prison grievance, and Defendants Beregovskays and Macias "spoke of" them in their response, but he had to "wrestle" with them just to get a lower bunk chrono. (Comp., 8:21-25.) Plaintiff alleges that Defendants were aware of his medical needs but allowed security staff to dictate his care.

**B.    First Amendment Retaliation Claim**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012)

3

(citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. *Silva v. Di Vittorio*, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that in retaliation against him for filing grievances, Defendants Nguyen and Rouch threatened to withhold medical care, and they told him that they had planned to give him a walker but would no longer do so because he filed too many grievances. These allegations suffice to state a claim against Defendants Nguyen and Rouch for violation of the First Amendment.

### C. Eighth Amendment Medical Care Claim

The Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) ), *overruled in part on other grounds*, *Peralta v. Dillard*, __ F.3d __, __, No. 09-55907, 2014 WL 878830, at *3 (9th Cir. Mar. 6, 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

Plaintiff's allegations support the existence of a serious medical need to which Defendants Nguyen, Nareddy, and Rouch knew of but disregarded, in deference to custody staff and in contravention of Plaintiff's needs. Therefore, Plaintiff states a cognizable claim against them under the Eighth Amendment.

Defendants Beregovskays and Macias' involvement appears to have been limited to addressing Plaintiff's grievance at the second level of review. (Comp., p. 53-54.) However, Plaintiff alleges that Defendants were aware of his medical needs and of medical staff's deference to custody staff regarding medically-necessary aids. Construed in the light most favorable to Plaintiff, Defendants' response to his grievance supports those allegations. Accordingly, Plaintiff also states a cognizable claim against Defendants Beregovskays and Macias under the Eighth Amendment. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).

### D.     Fourteenth Amendment Equal Protection Claim

Finally, the Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

Plaintiff alleges that Defendants Nguyen, Nareddy, and Rouch failed to provide him with appropriate medical care because of their deference to custody staff and because he filed too many grievances. Although Plaintiff asserts that this conduct is "a clear equal protection violation," that is not so. (Comp., 13:11-18.) To the contrary, those allegations support claims under the First and Eighth Amendment, but Plaintiff has not alleged *any* facts which would support a viable claim

against Defendants for intentionally discriminating against him, in violation of the Equal Protection Clause.

### III.   Conclusion and Order

Plaintiff's complaint states a cognizable claim against Defendants Nguyen and Rouch for retaliation, in violation of the First Amendment, and a cognizable claim against Defendants Nguyen, Nareddy, Rouch, Beregovskays, and Macias for denial of adequate medical care, in violation of the Eighth Amendment. However, Plaintiff has not stated a cognizable claim for discrimination, in violation of the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff has not previously been provided with notice of the deficiencies in his equal protection claim and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiency. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

However, if Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on his First and Eighth Amendment claims, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claims. The Court will then provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated on Defendants Nguyen, Nareddy, Rouch, Beregovskays, and Macias.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only against Defendants Nguyen, Nareddy, Rouch, Beregovskays, and Macias on his cognizable First and Eighth Amendment claims; and
3. If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **May 8, 2014**                              **/s/ Sheila K. Oberto**
                                                                UNITED STATES MAGISTRATE JUDGE