# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WATTS, | Case No. 1:13-cv-00917-AWI-SKO (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY PENDING RESOLUTION OF EXHAUSTION MOTION AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS |
| v. | |
| H. NGUYEN, et al., | |
| Defendants. | |
| | (Docs. 25 and 27) |

## I. Procedural Background

Plaintiff Timothy Watts, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 17, 2013. This action is proceeding against Defendants Nguyen and Rouch for retaliation, in violation of the First Amendment, and against Defendants Nguyen, Rouch, Nareddy, Beregovskays, and Macias for denial of adequate medical care, in violation of the Eighth Amendment. On October 21, 2014, Defendants filed a motion for summary judgment for failure to exhaust the available administrative remedies, 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 56(a), and a motion to stay discovery pending resolution of their summary judgment motion, Fed. R. Civ. P. 26(c). Plaintiff filed an opposition on November 17, 2014, and the motions have been submitted upon the record without oral argument pursuant to Local Rule 230(*l*).

///

## II.    Discussion

Defendants seek to stay discovery pending resolution of their exhaustion motion. Plaintiff opposes the motion on the grounds that it is improper, is not sought in good faith, and is misplaced procedurally. Plaintiff also argues that the Court should defer consideration of Defendants' exhaustion motion pending his receipt of their discovery responses.

The Court is vested with broad discretion to manage discovery. *Dichter-Mad Family Partners, LLP v. U.S.*, 709 F.3d 749, 751 (9th Cir. 2013) (per curiam), *cert. denied*, 134 S.Ct. 117 (2013); *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).

The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. *Albino v. Baca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014); *see also Gibbs v. Carson*, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014). The failure to exhaust is an affirmative defense, and Defendants are entitled to move for judgment on the issue. *Albino*, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to some or all of Plaintiff's claims in this action, which would obviate the need for discovery as to those claims.[1] *Gibbs*, 2014 WL 172187, at *3. Moreover, "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. *Albino*, 747 F.3d at 1170.

---

[1] Although Plaintiff disputes that he failed to exhaust, the Court will make that determination when it considers Defendants' exhaustion motion of the merits. *Albino*, 747 F.3d at 1171.

To the extent that a non-moving party needs specific discovery to address issues raised in a dispositive motion, the non-moving party is entitled to seek redress. Fed. R. Civ. P. 56(d); *Albino*, 747 F.3d at 1170-71; *Wyatt v. Terhune*, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other grounds by *Albino*, 747 F.3d at 1168-69). However, Plaintiff does not argue that he needs any specific discovery to oppose the exhaustion motion. Rather, Plaintiff merely argues his entitlement to engage in discovery and expresses his disagreement with Defendants' request for a stay, but his position that a discovery stay is improper and not sought in good faith is unfounded. To the contrary, a stay of general, merits-based discovery pending resolution of an exhaustion motion is both substantively and procedurally proper, absent considerations not presented here. *Albino*, 747 F.3d at 1170-71. Additionally, Plaintiff lacks any legal entitlement to the order he seeks denying Defendants' motion for summary judgment as a sanction for seeking the stay. Fed. R. Civ. P. 26(c), 37.

### III.  Order

As discussed herein, in the absence of any prejudice to Plaintiff and good cause having been shown, the Court ORDERS as follows:

1. Defendants' motion for a protective order, filed on October 21, 2014, is GRANTED; and
2. Discovery is stayed pending resolution of Defendants' exhaustion motion.[2]

IT IS SO ORDERED.

Dated:   **December 2, 2014**               /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] If necessary, the Court will issue an amended scheduling once Defendants' exhaustion motion is resolved.

3