# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WATTS, | Case No. 1:13-cv-00917-AWI-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| H. NGUYEN, et al., | |
| Defendants. | (Doc. 24) |
| | OBJECTION DEADLINE: THIRTY DAYS<br>RESPONSE DEADLINE: FIFTEEN DAYS |

## I.  Procedural Background

Plaintiff Timothy Watts ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 17, 2013. This action for damages is proceeding against Defendants Nguyen and Rouch for retaliation, in violation of the First Amendment, and against Defendants Nguyen, Rouch, Nareddy, Beregovskays, and Macias for denial of adequate medical care, in violation of the Eighth Amendment.

On October 21, 2014, Defendants Nguyen, Rouch, Nareddy, Beregovskays, and Macias ("Defendants") filed a motion for summary judgment based on Plaintiff's failure to exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a). Fed. R. Civ. P. 56(a); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014).

(Doc. 24.) Plaintiff filed an opposition on December 18, 2014, and the motion was submitted on the record without oral argument pursuant to Local Rule 230(*l*).[1] (Doc. 27.)

## II. Legal Standard

### A. Statutory Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement applies to all inmate suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and unexhausted claims may not be brought to court, *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007) (citing *Porter*, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Albino*, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino*, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. *Id.*

### B. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*, 747 F.3d at 1166; *Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011).

---

[1] Plaintiff was provided with contemporaneous notice of the requirements for opposing a summary judgment motion for failure to exhaust administrative remedies. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998) (en banc). (Doc. 24-1.)

Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, *Albino*, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* This requires the plaintiff to "show more than the mere existence of a scintilla of evidence." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)). "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Albino*, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.*

**III.    Discussion**

    **A.    Summary of Plaintiff's Legal Claims**

In his complaint, Plaintiff alleges that he has had seven failed knee surgeries and doctors have ordered that he not be transferred to any prison with a cold climate. On May 21, 2012, Plaintiff was transferred to California State Prison-Corcoran, and he informed Defendants Nguyen, Nareddy, Beregovskays, Macias, and Rouch about his numerous failed knee surgeries and the severe, chronic pain caused by his degenerative condition. Plaintiff alleges that for more than a year, he filed medical requests seeking to be seen by Defendants Nguyen, Nareddy, and

Rouch because his knees were swollen every day and he was in constant pain. Plaintiff alleges Defendants told him that although they could see the swelling and could imagine he must be in serious pain, they would not reorder his walking cane or pain medication because security staff had concerns about potential weapons and misuse of drugs. Plaintiff told them they should be more concerned about the probability of his further injury without the aid of a cane, hinged knee braces, and orthotic boots. Defendants admitted that they were and that Plaintiff should have those aids, but said security staff, who "write [Defendants'] checks," did not want Defendants stepping on their toes. (Doc. 1, Compl., ¶6.)

Plaintiff alleges Defendants Nguyen, Nareddy, and Rouch admitted that they were willing to make Plaintiff face further injury in the absence of necessary medical aids and live with severe, constant pain just to appease security staff. Plaintiff also alleges that Defendants Nguyen and Rouch began threatening him with no medical care if he continued filing grievances and complaining so much. Plaintiff sought a transfer to another prison if he was not going to get appropriate medical care at CSP-Corcoran, but Defendants told him he was not hearing them and security staff made those decisions.

Plaintiff alleges that he addressed these issues in his prison grievance, and Defendants Beregovskays and Macias "spoke of" them in their response, but he had to "wrestle" with them just to get a lower bunk chrono. (*Id.*, ¶5.) Plaintiff alleges that Defendants were aware of his medical needs but allowed security staff to dictate his care.

### B. CDCR's Inmate Appeals Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs., tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); *Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010). The administrative remedy process is initiated by submitting a CDCR Form 602 "Inmate/Parolee Appeal" within thirty calendar days (1) of the event or decision being appealed, (2) upon first having knowledge of the action or decision being appealed, or (3)

upon receiving an unsatisfactory departmental response to an appeal filed. Tit. 15, §§ 3084.2(a), 3084.8(b)(1) (quotation marks omitted). The appeal must "describe the specific issue under appeal and the relief requested," and the inmate "shall list all staff member(s) involved and shall describe their involvement in the issue." Tit. 15, § 3084.2(a). Furthermore, the inmate "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." Tit. 15, § 3084.2(a)(4).

### C. Imminent Danger Exception and Prison Officials' Noncompliance with Regulations

As an initial matter, Plaintiff conflates the exhaustion requirement set forth in 42 U.S.C. § 1997e(a) with what is commonly known as the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Focusing on the words "unless the prisoner is in imminent danger of serious physical injury," Plaintiff argues that he filed this action pursuant to the imminent danger provision and he had no other choice. 28 U.S.C. § 1915(g). The apparent argument that section 1915(g) provides an exception to the exhaustion requirement has no merit, however, as they are separate statutes.

28 U.S.C. § 1915 is the in forma pauperis statute and subsection (g) of that statute procedurally bars prisoners from proceeding in forma pauperis if they have had three or more actions or appeals dismissed for failure to state a claim, frivolousness, or maliciousness. An exception to this procedural bar is available if, at the time the complaint is filed, "the prisoner is under imminent danger of serious physical injury." § 1915(g); *Coleman v. Tollefson*, __ U.S. __, __, 135 S.Ct. 1759, 1761-62 (2015); *Andrews v. Cervantes*, 493 F.3d 1047, 1052-55 (9th Cir. 2007). Section 1997e(a), on the other hand, sets forth a separate and distinct exhaustion requirement, and it provides no exceptions for imminent danger or any other reason. As recognized by the Supreme Court in 2002, "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739 n.5).

In addition, threaded throughout Plaintiff's opposition brief are arguments concerning prison officials' failure to follow their own regulations. Plaintiff asserts that prison officials do

5

not follow the regulatory time constraints and if inmates fail to inquire about the status in writing, the appeals are not returned; and that prison officials have a practice of "stagnating and stifling" appeals. (Doc., 31, Opp., 3:17.) While this Circuit has recognized there are exceptions to the exhaustion requirement where the available appeals process is rendered unavailable, general arguments regarding non-specific appeals do not suffice to invoke any such exceptions. *E.g.*, *McBride v. Lopez*, __ F.3d __, __, No. 12-17682, 2015 WL 3953483, at *__ (9th Cir. Jun. 30, 2015); *Sapp*, 623 F.3d at 822-24. If Defendants meet their initial burden, Plaintiff must address whether he exhausted his claims and this requires he come forth with specific factual evidence regarding the steps he took to exhaust. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015); *Albino*, 747 F.3d at 1171-72. Plaintiff has addressed specific inmate appeals in this case and those appeals will be addressed in the sections that follow. The Court acknowledges these general, unavailing arguments at the outset so as to ensure the record is clear that the arguments were considered.

### D. Relevant Inmate Appeals

The parties are in agreement regarding the three relevant inmate appeals, and therefore, the Court omits from discussion the substantively irrelevant appeals identified and addressed by Defendants in their motion. (Doc. 24-2, Motion, §§ III, IV; Doc. 31, Opp., 3:5, 3:14, 4:17-20, 5:13-6:5, 7:26-8:9.) The Court finds that Defendants met their initial burden with respect to Plaintiff's failure to exhaust CDCR's generally available administrative remedy process prior to filing this lawsuit; and for the reasons which follow, it finds that Plaintiff neither exhausted nor demonstrated that the remedy process was rendered effectively unavailable, entitling Defendants to judgment. *Williams*, 775 F.3d at 1191; *Albino*, 747 F.3d at 1171-72.

#### 1. Appeal Number COR HC 12050979 – Exhausted on March 15, 2013

##### a. Summary of First Appeal

On July 17, 2012, Plaintiff submitted appeal number COR HC 12050979 to the first level of review. Tit. 15, §§ 3084.7(a), 3084.8(b). The appeal provided as follows:

> On 6-5-12, 6-20-12, and 6-22-12 I was charged a $5.00 copayment for health care services, on three different occasions, when I shouldn't have been charged at all…
> I just found out that I was charged when I received the attached account printout!

> The health care visit was for my chronic and acute problem being my knees &, and the visit was for a follow-up on that matter. Due to the fact that my visit was for initial & follow-up chronic problem the three $5.00 copyament shall be reversed. This visit was exempt from any copayment since it was initial & follow-up! I attached what 7362 I have. On <u>6-8-12</u>, my doctor appointment was for initial review of being a new arrival. But I was charged <u>6-20-12</u> and <u>6-22-12</u> I was also charged for a chronic care follow-up, and my initial medical slip concerning my medical needs have never been addressed, but I was charged three times during RN-Line. My <u>medical appliance cane</u> & <u>ortho boots</u> was misplaced by custody staff. I have undergone <u>5-surgeries</u> on my <u>right knee</u>, and <u>2-surgeries</u> on my <u>left knee</u>. <u>Both knee's still continue to lock-up and bunkle on me. I also required hinged knee brace's for both knees</u>. Physical therapy was ordered over a year ago to endure my knee would heal properly. I haven't been as of yet!

(Doc. 24-5, Motion, Robinson Decl., Ex. B, pp. 19 & 21 (emphasis in original).)

On August 30, 2012, Plaintiff submitted his appeal to the second level of review after it was denied at the first level. Tit. 15, §§ 3084.7(b), 3084.8(b). At that time, he stated, in relevant part, "On 7-25-12, during a grievance (602) hearing with <u>Dr. L. Karan M.D.</u> she stated that she can see my feet & knee's [sic] are swollen, and still denied the plaintiff medical treatment, and further stated: Custody staff <u>is cracking down on inmates with medical appliances, and starting to get real strict about what medical appliances inmates can have</u>." (*Id.*, pp. 20 & 22.)

Finally, on October 18, 2012, Plaintiff submitted his appeal to the third level of review after it was denied at the second level. Tit. 15, §§ 3084.7(c), 3084.8(b). He stated, in relevant part, "Corcoran Medical staff is interfering with already prescribed treatment, and in doing so, subjecting me to unnecessary pain & suffering. Dr. Karan M.D. who is making every effort to appease security staff, rather than medically sound decision's [sic] that would minimize my pain." (*Id.*)

### b.     Parties' Positions

In his complaint, Plaintiff alleges that he filed a grievance concerning the facts of his complaint and the grievance process was completed on March 15, 2013. (Doc. 1, Compl., p. 3.) Attached to Plaintiff's complaint is a copy of the appeal, tracking/log number COR HC 12050979, described above. (*Id.*, Ex. D, p. 49-51.) This is the same appeal Plaintiff argues in his opposition exhausted his claims. (Doc. 31, Opp., 7:26-8:12.)

In their motion, Defendants argue that although appeal number COR HC 12050979 addressed some of the issues in this lawsuit, it did not exhaust Plaintiff's claims because it neither

named the Defendants, in compliance with section 3084.2(a)(3), nor attributed any denial of a cane and orthopedic boots to medical staff. (Doc. 24-2, Motion, 9:18-10:6.) Rather, the appeal blamed custody staff for misplacing the items, in addition to grieving the co-pays Plaintiff was charged. Defendants contend that Plaintiff subsequently added new issues, in contravention of the regulations, but even so, he named a non-party physician as the culpable individual. (*Id.*, 10:6-10.)

In response, Plaintiff argues that appeal number COR HC 12050979 "speaks to the issues of Plaintiff's civil action, and (co-payment) cane, orthopedic boots, the need for hinged knee braces, physical therapy," and it "speaks at length about Plaintiff's medical care and condition, prescribed medical appliance that Plaintiff did not receive & co-pay." (Doc. 31, Opp., 8:1-7.) Plaintiff contends that the appeal was exhausted before he filed suit, and because he exhausted an appeal that outlines the issues in this case, "he need not exhaust another one" and Defendants' motion must be denied. (*Id.*, 8:8-9 & 8:18-20.)

      **c.** **Findings**

          **1)** ***Strong* Standard and Amended Regulations**

Exhaustion requirements are designed to deal with parties who do not want to exhaust and who would prefer not to give the agency a fair and full opportunity to adjudicate their claims. *Woodford*, 548 U.S. at 90 (quotation marks omitted). For this reason, proper procedural and substantive exhaustion of administrative remedies is required, which demands compliance with an agency's deadlines and other critical procedural rules. *Woodford*, 548 U.S. at 90; *Wilkerson*, 772 F.3d at 839. Prisoners are required to "use all the steps the prison holds out, enabling the prison to reach the merits of the issue," *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing *Woodford*, 548 U.S. at 90).

Relevant here, the applicable prison regulations provide that inmates must list all involved staff members and describe their involvement; and inmates shall state all facts known regarding the issue being appealed. Tit. 15, § 3084.2(a)(3), (4). In addition, the regulations provide that "[a]dministrative remedies shall not be considered exhausted relative to any new issue,

information, or person later named by the appellant that was not included in the originally submitted CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal. . . ." Tit. 15, § 3084.1(b).

The Ninth Circuit previously adopted the *Strong* standard as "the standard of factual specificity required when a prison's grievance procedures do not specify the requisite level of detail," *Griffin*, 557 F.3d at 1120 (adopting standard articulated in *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)), and it applied that standard to California's state prison regulations in 2009, holding that an appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." *Sapp*, 623 F.3d at 824 (citing *Griffin*, 557 F.3d at 1120) (internal quotation marks omitted). However, California's prison regulations were amended in December 2010 and *Sapp* involved the previous, now-superceded regulations, *Sapp*, 623 F.3d at 819 (2002 inmate appeals), as did subsequent Ninth Circuit cases applying the *Strong* standard to California's regulations, *Wilkerson v. Wheeler*, 772 F.3d 834 (9th Cir. 2014); *Akhtar v. Mesa*, 698 F.3d 1202 (9th Cir. 2012); *McCollum v. California Dep't of Corrs. & Rehab.*, 647 F.3d 870 (9th Cir. 2011); *see Parks v. Chappell*, No. C-13-4048 EMC (pr), 2015 WL 3466280, at *3 (N.D.Cal. Jun. 1, 2015) (recognizing that *Strong* standard cases are distinguishable because they address the prior regulations). At that time, the regulations required only a description of the problem and the action requested. Plaintiff's appeal would have sufficed to exhaust the claims at issue in this action under that version of the regulations, but his appeal was submitted in July 2012 and it is subject to the current regulations.

The exhaustion requirement was enacted "to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 524-25; *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014); *McKinney v. Carey*, 311 F.3d 1198, 1200-1201 (9th Cir. 2002) (per curiam). Thus, "[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Griffin*, 557 F.3d at 1120; *see also Jones*, 549 U.S. at 219 (promotion of early notice to those who might later be sued not thought to be one of the leading purposes of exhaustion requirement) (citing *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)). However, as recognized by both the Supreme

9

Court and the Ninth Circuit, "[t]he scope of [procedural and substantive exhaustion] depends on the scope of administrative remedies that the state provides," *Wilkerson*, 772 F.3d at 839 (citing *Jones*, 549 U.S. at 218), and the inquiry is now guided by more specific regulations than those at issue in *Sapp* and the cases that followed.

### 2)     Addition of New Issues

The Court finds that Plaintiff's appeal failed to comply with current prison regulations in two respects. First, Plaintiff added new issues after he submitted the appeal, which is in direct contravention of the regulations. Tit. 15, § 3084.1(b). The appeal as originally submitted concerned the allegedly wrongful assessment of co-payments and the misplacement of Plaintiff's cane and orthotic boots by custody staff; it provided no notice regarding misconduct by medical staff with respect to his medical need for appliances. Moreover, at no level did the appeal provide notice regarding any retaliatory conduct.

### 3)     Identification of All Involved Staff Members

Second, in adding new issues at the second level of review, Plaintiff specifically identified non-party Dr. Karan as the culpable staff member who improperly deferred to custody staff despite acknowledging Plaintiff's condition. Plaintiff again identified Dr. Karan in his third level appeal. To the extent an argument may be made that prison officials' substantive consideration of issues newly raised at the second or third level of review waives any subsequent procedural objection by them,[2] Plaintiff not only failed to comply with the requirement that he specifically name the involved staff who are now parties to this suit but he named a staff member who is *not* a party to this suit. This effectively deprived prison officials of the opportunity to address his complaints about the conduct of Defendants Nguyen, Nareddy, Beregovskays, Macias, and Rouch and led them to believe the newly alleged medically-related misconduct at issue was confined to Dr. Karan. Accordingly, the Court finds that appeal number COR HC 12050979 did not comply with the state's procedural rules with respect to exhaustion of his claims now at issue in this action.

---

[2] *See* tit. 15, §3084.6(b)(16) (appeal may be rejected if the issue or complaint has been changed at some point in the process to the extent it is entirely new and the lower levels of review have been circumvented).

10

### 2. **Appeal Number COR HC 12051824 – Exhausted on July 24, 2013**

#### a. **Summary of Second Appeal**

Next, Plaintiff submitted appeal number COR HC 12051824 on October 25, 2012. Plaintiff sought a CT scan and to have his knee braces chrono renewed. In his first level appeal, Plaintiff stated:

> On 10-15-12, Plaintiff was schedule[d] for a follow up 10-17-12, in response to a consultation from a (offsite medical appointment) of 10-9-12, schedule[d] by physician Nguyen MD. Do to excruciating pain he's still experiencing in his testicular area. During the appointment Nguyen MD – ask what was the offsite physician recommendation. He stated that he couldn't locate a hernia by my groin. He also stated when you go back to your prison, have them run more test. A CT-scan would be good. Nguyen MD stated <u>Don't listen to that</u>! I stated, you are the one who scheduled me to see the specialist, so now you are contradicting your own order. Nguyen MD said that's what pills are for. "You are taken up too much time." Then he ask about the appointment of 10-16-12, he also made with Dr. Clark. I also informed him that Dr. Clark stated that a CT-scan would show more. Again Dr. Nguyen –MC stated "<u>don't listen to them</u>." Third I informed him of my Health Care <u>Appeal Log. COR HC 12050979 second level response</u>. <u>Issue 3</u>: quote: we have contacted your clinic, we requested this issue (hinged knee braces) be put on the agenda for your next medical appointment. <u>We were told it will be discussed at that appointment later this month</u>. During my appointment today <u>10-17-12</u>, Physician <u>Nguyen MD</u> stated: <u>That he didn't agree to discuss anything</u>, and told me to leave. I am not understanding the unprofessional conduct of some of these medical staff here at CSP-Corcoran when it comes to my well-being. I am in constant pain in both knee's, besides the pain in my testicular [illegible].

(Doc. 24-5, Motion, Robinson Decl., Ex. D, pp. 58 & 60.)

At the second level of review, Plaintiff added staff member Defendant Rouch to the appeal, stating:

> On 11-30-12, I went to an appeal hearing interview by P. Rouch NPC. During that time, she question the condition of my knees, and pain level. "I told her my pain is a 10-everyday." After I informed her of my knees locking & buckling while walking. Swelling to the point sometimes I can't walk. "She stated that's normal, and then stated. Custody staff said inmates make weapons from their knee braces. My response was what do it have to do with me. You are opposing punishment on me for other's (inmates) actions. Isn't that custody job. I then ask her what to Custody have to do with medical. Medical staff (P. Rouch NPC) are allowing custody to interfere with medical prescribed treatment. I am (ADA), and being denied medical treatment after it was prescribed by my physician. After the interview she said that my appeal would be denied. <u>§ 2653. Order by physician requiring particular medical treatment modification or cancellation: violation. (a) If a physician employed by the Department of Corrections or the Department of the Youth Authority certifies in writing that a particular medical treatment is required to prevent a violation of section 147, 673, 2650, or 2652, or is required to prevent serious and imminent harm to the health of a prisoner, the order for that particular medical treatment may not be modified or canceled by any employee by any employee of the department without the approval of the Chief Medical Officer of</u>

11

> the institution or the physician in attendance unless an <u>inmate</u> or <u>ward</u> <u>has a known</u> <u>history</u> of <u>violent</u> or <u>otherwise disruptive behavior</u> <u>that require additional measure</u> <u>to protect the safety and security of the institution</u> <u>specified</u> in <u>writing</u> by the <u>warden</u> or <u>superintendent</u> or unless immediate security needs require alternate or modified procedure.  "<u>I don't have a known history of violence or otherwise</u> <u>disruptive behavior</u>."  I am being deliberately denied a "properly obtained" prescribed medical appliance CCR Tit. 15, § 3358.6; I was informed to have my family order my appliance by a specialist who took the dimensions of my knees and my family order my knee brace's.  I am requiring that my chrono be renewed to have my knee braces sent in.

(*Id.*, pp. 57 & 59.)

### b.      Parties' Positions

Defendants argue that this appeal does not satisfy the exhaustion requirement because Plaintiff filed suit prematurely.  Defendants contend that the third level response was due on June 14, 2013, and Plaintiff filed suit prematurely on June 11, 2013.  *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying mailbox rule, under which the time of filing is the time the prisoner delivers his filing to prison officials for forwarding to the clerk, to section 1983 cases).

Plaintiff argues that prison officials impermissibly "gave themselves" sixty days to respond to his appeal at the first and second levels of review, all the while he continued to suffer pain and worsening health. (Doc. 31, Opp., 5:22-28.)  Plaintiff therefore availed himself of the "imminent danger" exception. (*Id.*, 5:28-6:5.)

### c.      Findings

Plaintiff's misapplication of the imminent danger exception was addressed and rejected in section III(C), and his assertion that prison officials failed to comply with time constraints at the first and second levels of review is not borne out by the evidence.  Time limits for completion of appeals commence upon receipt of the appeal by the appeals coordinator, tit. 15, § 3084.6 (a), and the first and second level responses are due "within 30 working days from date of receipt by the appeals coordinator," tit. 15, § 3084.8(c)(1), (2).  Third level responses are due "within 60 working days from the date of receipt by the third level Appeals Chief." Tit. 15, § 3084.8(c)(3). "'Working day' means a calendar day excluding Saturdays, Sundays, and official state holidays." Tit. 15, § 4003(j)(2).

The evidence submitted shows that the first and second level responses were timely issued within thirty working days from the date of receipt by the appeals coordinators, and Plaintiff's

appeal was subsequently received at the third level of review on March 21, 2013.[3] (Doc. 24-5, Motion, Robinson Decl., Ex. D.) Under the regulations, the third level response was due on June 17, 2013.[4] Instead of waiting for receipt of a timely third level response, however, Plaintiff served his complaint by mail on June 11, 2013, and it was received and filed by the Court on June 17, 2013. (Motion, Ex. D; Doc. 31, Opp., p. 9; Doc. 1, Compl.)

Plaintiff may not avail himself of the argument that prison officials rendered the process effectively unavailable by failing to comply with the applicable regulations when he failed to comply with them in the first instance by filing suit prematurely; any breach of the regulations by prison officials occurred *after* he brought suit. *McKinney*, 311 F.3d at 1200. As a general principle, procedural rules must be adhered to by both inmates and prison officials, but here, Plaintiff filed suit prior to prison officials' response deadline and the fact that they subsequently failed to deliver a timely response cannot be relied upon to save what was a prematurely filed lawsuit. In light of the fact that Plaintiff filed suit prematurely, the Court does not reach either the issue of Plaintiff's inclusion of Defendant Rouch for the first time at the second level of review or a determination regarding the effect, if any, of prison officials' failure to timely decide Plaintiff's appeal at the third level of review.[5] *Id.*

///

///

///

---

[3] The first level response was due on December 13, 2012, and sent to Plaintiff on December 10, 2012; and the second level response was due on February 27, 2013, and sent to Plaintiff on February 21, 2013. Tit. 15, § 3084.8(c)(1), (2).

[4] The Court's calculation accounts for weekends and the state holidays of Cesar Chavez Day and Memorial Day.

[5] The Court notes that exceptions to time limits are authorized *only* under specific circumstances articulated in the regulations, and unlike at the first and second levels of review, there is no requirement that prison officials notify inmates in the event of an exceptional delay at the third level. Tit. 15, § 3084.8(d), (e). This leaves open the possibility for situations where the third level response is overdue and the inmate has no idea when or if a response might be forthcoming, thereby raising an argument regarding the effective unavailability of the administrative remedy process. *See McBride*, __ F.3d at __, 2015 WL 3953483, at *__ ("This court has previously emphasized that the PLRA requires only that a prisoner exhaust available remedies, and that a failure to exhaust a remedy that is effectively unavailable does not bar a claim from being heard in federal court."); *Lopez v. Peterson*, No. 2:98-cv-2111-LKK EFB P, 2013 WL 3994466, at (E.D.Cal. Aug. 1, 2013), *findings and recommendations adopted in full*, 2015 WL 5946182 (E.D.Cal. Nov. 6, 2013) (citing *Womack v. Bakewell*, CIV S-09-1431 GEB KJM P, 2010 WL 3521926, at *4-5 (E.D.Cal. Sep. 8, 2010)) (discussing in detail the argument that prison officials' failure to timely respond to appeal waives defense of failure to exhaust).

### 3.  Appeal Number CSPC-6-13-02737

#### a.  Summary of Third Appeal

Finally, on April 22, 2013, Plaintiff submitted an appeal on a "Reasonable Modification or Accommodation" form, which was assigned number TLR# 1300988/COR-13-02737 ADA/CSPC-6-13-02737 ("CSPC-6-13-02737"). (Doc. 24-4, Motion, Briggs Decl., Ex. C, p. 44.)  The appeal addressed Plaintiff's knee pain; the confiscation of his cane; medical staff's refusal to order him pain medication, a cane, hinged knee braces, or orthotic boots because custody staff does not like it; and Defendants Nareddy, Nguyen, and Rouch's acknowledgement of his pain and refusal to renew pain medication, a cane, knee braces, or orthotics because of custody staff. (*Id.*)

#### b.  Parties' Positions

Defendants argue that Defendants Beregovskays and Macias are not mentioned in the appeal, and that the appeal does not satisfy the exhaustion requirement with respect to Defendants Nareddy, Nguyen, and Rouch because Plaintiff filed suit prior to exhausting the appeal.

In response, Plaintiff argues that he exhausted numerous appeals, including this one; and that the appeal evidences prison officials' practice of "stagnating and stifling appeal's [sic]." (Doc. 31, Opp., 4:17-21.)  Plaintiff points out that the appeal went through the first and second levels of review before it was sent back by the third level of review because it contained claims against custody and medical staff, despite the absence of any such disallowance in the regulations. (*Id.*, 4:22-25.)

#### c.  Findings

The evidence submitted shows the appeal was received by the appeals office on April 25, 2013. (Doc. 24-4, Motion, Ex. C, p. 44.)  The appeal coordinator's first level response was due on June 7, 2013; and the evidence shows the appeal was denied on June 3, 2013, and returned to Plaintiff on June 6, 2013. Tit. 15, § 3084.8(c)(1). (Doc. 24-4, Motion, Ex. C, pp. 45, 52-53.) Plaintiff was required to pursue the appeal to the next level of review, *Harvey v. Jordan*, 605 F.3d 681, 683-84 (9th Cir. 2010), and he timely submitted the appeal to the second level of review on June 12, 2013. Tit. 15, § 3084.8(d)(3). (Ex. C, pp. 46-47.)

Although Plaintiff argues generally that prison officials routinely violate their own regulations while demanding strict compliance by inmates, his arguments again lack merit with respect to this specific appeal. *McKinney*, 311 F.3d at 1200. Regardless of whether the subsequent third level rejection was proper or not, *see Sapp*, 623 F.3d at 824-26 (improper rejection of appeal renders process effectively unavailable), the first level denial was timely and instead of pursuing completion of the grievance process before filing suit, Plaintiff simultaneously pursued his appeal to the second level of review *and* filed suit, *see Sapp*, 623 F.3d at 824-26 (available administrative remedies must be exhausted); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS P, 2005 WL 2105039, at *5 (E.D.Cal. Aug. 30, 2005) (citing *Porter*, 534 U.S. at 524) ("[I]f there is a process available, it must be utilized, regardless of how tiresome or trying."). Accordingly, based on Plaintiff's premature initiation of suit, this appeal does not satisfy the exhaustion requirement with respect to claims in this action. *McKinney*, 311 F.3d at 1200.

## IV.     Conclusion and Recommendations

For the reasons set forth herein, the Court finds that Plaintiff failed to exhaust the available administrative remedies as to his claims in this action. With respect to Plaintiff's Eighth Amendment medical care claims, Plaintiff's first appeal, number COR HC 12050979 submitted on July 17, 2012, was exhausted before he filed suit, but because he failed to comply with the applicable prison regulations, the appeal did not suffice to exhaust his claims against the defendants in this action. Regarding Plaintiff's second appeal, number COR HC 12051824 submitted on October 25, 2012, Plaintiff filed suit prematurely, before the time expired for prison officials to render a third level decision. Plaintiff also filed suit prematurely concerning his third appeal, number CSPC-6-13-02737 submitted on April 22, 2013.

Finally, with respect to Plaintiff's First Amendment retaliation claim, none of these appeals grieved that issue and would not have sufficed to exhaust the claim, notwithstanding the existence of other deficiencies addressed herein. While Plaintiff is not precluded from pursuing redress in a new lawsuit regarding claims exhausted after he initiated filed this action, he may not

continue with this action given his failure to exhaust his claims against Defendants prior to filing suit.[6] *Jones*, 549 U.S. at 918-19; *McKinney*, 311 F.3d at 1200.

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment, filed on October 21, 2014, be GRANTED and judgment be entered in their favor, thus concluding this action in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Responses, if any, are due within **fifteen (15) days** from the date the objections are filed.  Local Rule 304(d).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson*, 772 F.3d at 838-39 (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 27, 2015**                                    /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE

---

[6] The Court notes that in addition to the relevant appeals discussed herein, Plaintiff exhausted a number of other health care appeals after he filed suit, including an appeal against Defendants Nguyen and Rouch on November 20, 2013. That appeal, number COR HC 13053463, was initiated on June 5, 2013, just days before Plaintiff mailed the complaint initiating this action. (Opp., Ex. B, pp. 15-20.)  Given Plaintiff's numerous appeals, he does not appear to be without potential redress regarding his medical issues but he may not seek relief in federal court without first exhausting his claims in compliance with the regulations governing the remedy process provided by CDCR.