UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WATTS,<br><br>            Plaintiff,<br><br>   v.<br><br>NGUYEN, et al.,<br><br>            Defendants. | Case No. 1:13-cv-00917-AWI-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO PROSECUTE**<br><br>**(Docs. 50, 51, 54)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

      Plaintiff, Timothy Watts, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was dismissed and judgment was entered in Defendants' favor on September 9, 2015, when Defendants' motion for summary judgment based on Plaintiff's failure to exhaust available administrative remedies prior to filing suit was granted. (Docs. 44, 45.)

      Plaintiff filed a timely appeal to the Ninth Circuit. (Doc. 46.) In light of the subsequent intervening authority in *Reyes v. Smith*, 810 F.3d 654 (9th Cir. 2016), the Ninth Circuit remanded this action for determination whether Plaintiff properly exhausted administrative remedies on his deliberate indifference claim regarding medical appliances. (Doc. 49, pp. 2-3.) As *Reyes* issued following the conclusion of this action, it was neither addressed by the parties in the dispositive motion, nor considered in the ruling thereon.

/ / /

Accordingly, Defendants were given opportunity to either file a motion for summary judgment on exhaustion, restricted to Plaintiff's deliberate indifference claim regarding medical appliances, or a statement that, in light of *Reyes*, they did not intend to file a motion on exhaustion issues.  (Doc. 50.)  If Defendants elected to file a motion for summary judgment, Plaintiff was directed to file an opposition within twenty-one (21) days of the date of Defendants' service of their motion.  (*Id.*)  The Court provided notice and warning of the requirements for Plaintiff's opposition in compliance with *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).  (Doc. 51.)

Defendants filed their motion for summary judgment on exhaustion issues on December 22, 2016.  (Doc. 54.)  More than twenty-one (21) days have lapsed without Plaintiff having filed an opposition or statement of non-opposition to Defendants' motion.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **HEREBY ORDERED** to show cause within **twenty-one (21) days** of the date of service of this Order why the action should not be dismissed for his failure comply with the Court's order and for his failure to prosecute this action; alternatively within that

same time, Plaintiff may file an opposition or statement of non-opposition to Defendants' motion.

IT IS SO ORDERED.

Dated:     **February 1, 2017**                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE