# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WATTS, | **Case No. 1:13-cv-00917-AWI-SKO (PC)** |
| Plaintiff, | **ORDER DISCHARGING ORDER TO SHOW CAUSE** |
| v. | **(Doc. 55)** |
| NGUYEN, et al., | |
| Defendants. | |

Plaintiff, Timothy Watts, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was dismissed and judgment entered in Defendants' favor on September 9, 2015, when Defendants' motion for summary judgment based on Plaintiff's failure to exhaust available administrative remedies prior to filing suit was granted.  (Docs. 44, 45.)  Plaintiff filed a timely appeal to the Ninth Circuit.  (Doc. 46.) In light of the subsequent intervening authority in *Reyes v. Smith*, 810 F.3d 654 (9th Cir. 2016), the Ninth Circuit remanded this action for determination whether Plaintiff properly exhausted administrative remedies on his deliberate indifference claim regarding medical appliances.  (Doc. 49, pp. 2-3.)  *Reyes* issued subsequent to the closure of this action and was neither addressed by the parties in the dispositive motion, nor considered in the ruling thereon.

Accordingly, Defendants were given opportunity to file a motion for summary judgment on exhaustion, restricted to Plaintiff's deliberate indifference claim regarding medical appliances, or a statement that, in light of *Reyes*, they did not intend to file a motion on exhaustion issues. (Doc. 50.)  If Defendants elected to file a new motion for summary judgment, Plaintiff was

directed to file an opposition within twenty-one (21) days of the date of Defendants' service of their motion and was provided notice and warning of the requirements for his opposition in compliance with *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).  (*Id.*, *see also* Doc. 51.)

Defendants filed a motion for summary judgment on exhaustion issues on December 22, 2016.  (Doc. 54.)  More than twenty-one (21) days lapsed without Plaintiff having filed an opposition or a statement of non-opposition to Defendants' motion.

On February 1, 2017, an order issued for Plaintiff to show cause why this action should not be dismissed based on his failure to prosecute the action and to obey the Court's order.  (Doc. 55.)  Two days later, Plaintiff filed a motion requesting an extension of time to file his opposition to Defendants' motion which apparently crossed in the mail with the order to show cause.  (Doc. 56.)  In his request for an extension of time, Plaintiff explained that his copy of Defendants' motion for summary judgment was mistakenly delivered to another inmate with the same last name by prison personnel.  (*Id.*)  The Court accepts this explanation which satisfies the order to show cause.

Accordingly, it is **HEREBY ORDERED** that the order to show cause, that issued on February 1, 2017, (Doc. 55), is **DISCHARGED**.

IT IS SO ORDERED.

Dated:   **February 7, 2017**                          /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE