# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

TIMOTHY WATTS,

          Plaintiff,

   v.

NGUYEN, et al.,

          Defendants.

**Case No. 1:13-cv-00917-AWI-SKO (PC)**

**FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO PROSECUTE AND OBEY A COURT ORDER**

**(Docs. 50, 51, 54, 59)**

**TWENTY-ONE (21) DAY DEADLINE**

Plaintiff, Timothy Watts, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was dismissed and judgment entered in Defendants' favor on September 9, 2015, when Defendants' motion for summary judgment based on Plaintiff's failure to exhaust available administrative remedies prior to filing suit was granted. (Docs. 44, 45.) Plaintiff filed a timely appeal to the Ninth Circuit. (Doc. 46.) In light of the subsequent intervening authority in *Reyes v. Smith*, 810 F.3d 654 (9th Cir. 2016), the Ninth Circuit remanded this action for determination whether Plaintiff properly exhausted administrative remedies on his deliberate indifference claim regarding medical appliances. (Doc. 49, pp. 2-3.) *Reyes* issued subsequent to the closure of this action and was neither addressed by the parties in the dispositive motion, nor considered in the ruling thereon.

Accordingly, on December 2, 2016, an order issued granting Defendants opportunity to file a motion for summary judgment on exhaustion, restricted to Plaintiff's deliberate indifference claim regarding medical appliances, or a statement that, in light of *Reyes*, they did not intend to

1

file a motion on exhaustion issues. (Doc. 50.) If Defendants chose to file a new motion for summary judgment, Plaintiff was directed to file an opposition within twenty-one (21) days of the date that Defendants serve their motion. (*Id.*) That same date, an order issued provided notice and warning of the requirements for his opposition in compliance with *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). (Doc. 51.)

Defendants filed their motion for summary judgment on exhaustion issues on December 22, 2016. (Doc. 54.) More than twenty-one (21) days have lapsed without Plaintiff having filed an opposition or a statement of non-opposition to their motion. Thus, on April 6, 2017, an order issued for Plaintiff to show cause within twenty-one days (21) why this action should not be dismissed based on his failure to comply with the Court's December 2, 2016 orders and for failure to prosecute this action. (Doc. 59.) More than a month has lapsed and Plaintiff has not complied with the December 2, 2016 orders, or with the April 6, 2017 order to show cause.[1]

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address*); Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)

---

[1] It is noted that, on April 26, 2017, Plaintiff filed a motion to appoint counsel. (Doc. 60.) However, more than twenty-one days have now lapsed from the order denying this request which issued on May 5, 2017. (Doc. 61.)

1    (dismissal for failure to lack of prosecution and failure to comply with local rules).

2    In determining whether to dismiss an action for lack of prosecution, failure to obey a court

3    order, or failure to comply with local rules, the Court must consider several factors: (1) the

4    public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;

5    (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

6    their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831;

7    *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*,

8    46 F.3d at 53.

9    Here, the Court finds that the public's interest in expeditiously resolving this litigation and

10   the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of

11   prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises

12   from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542

13   F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on

14   their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally,

15   a Court's warning to a party that his failure to obey the court's order will result in dismissal

16   satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d at 1262;

17   *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file

18   an opposition or statement of non-opposition to Defendants' motion for summary judgment

19   expressly stated: "<u>If Plaintiff fails to file an opposition or a statement of non-opposition to the</u>

20   <u>motion, this action may be dismissed, with prejudice, for failure to prosecute</u>." (Doc. 51, p. 1

21   (emphasis in original).) The orders to show cause which issued on February 1, 2017, and April 6,

22   2017, also cautioned that this action may be dismissed for his failure to comply with the Court's

23   orders to file an opposition or a statement of non-opposition and for his failure to prosecute this

24   action. (Docs. 55, 59.) Thus, Plaintiff had more than adequate warning that dismissal may result

25   from his noncompliance with the Court's orders.

26   Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed with

27   prejudice based on Plaintiff's failure to obey the Court's orders of December 2, 2016, (Docs. 50,

28   51) and April 6, 2017 (Doc. 59).

3

1    These Findings and Recommendations will be submitted to the United States District

2    Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

3    twenty-one (21) days after being served with these Findings and Recommendations, the parties

4    may file written objections with the Court.  The document should be captioned "Objections to

5    Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

6    specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

7    839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

8
     IT IS SO ORDERED.
9

10   Dated:   **May 31, 2017**                                    /s/ *Sheila K. Oberto*

11                                                     UNITED STATES MAGISTRATE JUDGE